OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the matter is remitted to the Civil Court with a direction to the Clerk of the Small Claims Part to amend all prior proceedings and papers in this matter to reflect defendant’s true name as “Consumers Edge, LLC d/b/a DirectBuy of Brooklyn and Queens,” and for the entry of a judgment in favor of plaintiff and against that defendant in the principal sum of $4,888.48.
Defendant is a franchise members-only discount shopping club which purports to offer its members products at discount prices. Upon the receipt of a promotional solicitation from defendant, offering a $50,000 home makeover if the provided key fit into defendant’s lock (it did not), plaintiff, on June 27, 2010, went with a friend to defendant’s premises and attended what plaintiff characterized as a “high-pressured sales presentation for discounted home merchandise.” Plaintiff testified that they were told that if they did not become members of defendant’s club on that date, they would be banned from joining the club for seven years. They entered into a membership agreement on that date, and plaintiff paid in full the $4,888.48 three-year membership fee. The agreement provided that the membership could not be cancelled and that the membership fees were not refundable “except as may otherwise be provided by applicable law or disclosed in this agreement.” On June 29, 2010, plaintiff telephoned her credit card company and attempted to stop payment so that the charge would be reversed. On June 30, 2010, *30 plaintiffs friend telephoned defendant three times, attempting to cancel the agreement, but his calls were “ignored.” Plaintiff testified that, on the following day, July 1, 2010, defendant’s representative had telephoned her and her friend and informed them that the agreement could not be cancelled. The credit card company was ultimately unable to resolve the matter in plaintiffs favor because, it stated in a letter dated September 2, 2010, defendant’s cancellation policy had been clearly stated in the agreement. Plaintiff and her friend mailed to defendant, on September 14, 2010, a registered letter demanding that the contract be cancelled. When their efforts were unsuccessful, plaintiff commenced this small claims action, seeking a refund of her membership fee. After a nonjury trial, the Civil Court dismissed the action. We reverse.
A “prize award scheme” is defined as
“a promotion, solicitation, or advertisement . . . for the purchase . . . of a . . . membership . . . (i) in which the outcome depends in a material degree upon an element of chance . . . ; (ii) where the consumer is told that he . . . may win a prize or award; and (iii) which requires the consumer to do something (including, but not limited to, traveling to a location to accept the prize [or] listening to a sales presentation)” (General Business Law § 369-ee [1] M).
Because defendant’s practices fell within this definition, defendant was required to provide plaintiff with written disclosure that plaintiff was entitled to cancel within three business days (see General Business Law § 369-ee [2], [3] [a] [i]), as well as an explanation of the manner in which plaintiffs right to cancel must be exercised (see General Business Law § 369-ee [3] [a] [i]). In addition, defendant was required to annex to the contract a detachable “NOTICE OF CANCELLATION” form explaining that either the form or “ANY OTHER WRITTEN NOTICE” could be used to cancel the transaction within three business days (see General Business Law § 369-ee [3] [a] [ii]). As defendant did not comply with these requirements, plaintiff was entitled to cancel the contract “by notifying the seller in any manner and by any means of [her] intention to cancel” (General Business Law § 369-ee [3] [b] [emphasis added]). Under these circumstances, plaintiff was not required to provide defendant with written notice of cancellation since she could not be expected to be aware of the requirement that she send such written notice of cancellation to defendant, in the absence of *31 her receipt of defendant’s statutorily mandated disclosure regarding her right to cancel. Consequently, the notification of cancellation in the phone calls made on June 30, 2010 constituted notification “in any manner and by any means” and was sufficient to effectively cancel the agreement “as . . . provided by applicable law.”
To the extent that plaintiff contends that, under General Business Law § 349 (h), she is entitled to recover her actual damages of $4,888.48, plus treble damages up to $1,000, plus reasonable attorney’s fees, we note that this claim is raised for the first time on appeal. Plaintiffs demand for relief in the trial court was limited to the sum of $4,888.48. We note further, in any event, that the monetary jurisdictional limit of the Small Claims Part is $5,000 (CCA 1801).
In view of the foregoing, we find that the judgment dismissing the action did not render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807).
We note in addition that although plaintiff named Direct Buy of Brooklyn & Queens, Inc. as defendant, the record indicates that the membership agreement is actually between plaintiff and Consumers Edge, LLC, doing business as DirectBuy of Brooklyn and Queens. In these circumstances, CCA 1814 (c) requires that the Clerk of the Small Claims Part amend all the proceedings and papers to reflect the defendant’s true name.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court with a direction to the Clerk of the Small Claims Part to amend all the proceedings and papers in this matter to reflect defendant’s true name as “Consumers Edge, LLC d/b/a DirectBuy of Brooklyn and Queens,” and for the entry of a judgment in favor of plaintiff and against that defendant in the principal sum of $4,888.48.
Weston, J.P, Rios and Aliotta, JJ., concur.